# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2013

Lyle W. Cayce
Clerk

No. 12-50550

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BILLY MAY, also known as Billy Frank May,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:11-CR-509-1

Before HIGGINBOTHAM, CLEMENT, and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:[*]

Billy May has appealed his jury conviction of possession of a firearm by an unlawful user of a controlled substance. *See* 18 U.S.C. § 922(g)(3). May contends that the district court erred in denying his motion for a mistrial. Although the record reflects that the Government inadvertently exposed some members of the jury to prejudicial extrinsic evidence, the district court dismissed the only juror who indicated that he had been prejudiced, gave detailed curative instructions, and ensured that the remaining jurors were unimpeded in their

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ability to judge the facts impartially. And the Government introduced overwhelming evidence of May's guilt: May admitted, in an interview with investigators, that he used marijuana; moreover, May's son testified that May smoked marijuana after gun shows and during the time prior to his arrest. On this record, we will not disturb the district court's determination that the extrinsic evidence did not interfere with the jury's deliberations. *See United States v. Ruggiero*, 56 F.3d 647, 652–53 (5th Cir. 1995).

In an attack on the statute of conviction, May asserts that § 922(g)(3) is unconstitutionally vague as applied to him because it does not provide a definition of what it means to be an "unlawful user" of a controlled substance and because the statute gives law enforcement officers too much discretion, allowing the law to be applied in an arbitrary and discriminatory fashion. Because an ordinary person would understand that May's use of marijuana while in possession of firearms established him as an "unlawful user" in violation of § 922(g)(3), the statute is not unconstitutionally vague as applied to May. *See United States v. Patterson*, 431 F.3d 832, 835–36 (5th Cir. 2005).

May also asserts that § 922(g)(3) is unconstitutional on its face based on its infringement of the Second Amendment. But this argument is precluded by our precedent: we have recognized previously that unlawful users of controlled substances pose a risk to society if permitted to bear arms and that prohibiting such persons from possessing firearms does not infringe the Second Amendment. *See Patterson*, 431 F.3d at 836; *see also NRA v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 207 (5th Cir. 2012); *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010).

Though May styles his appeal as a challenge to the constitutionality of § 922(g)(3), the gravamen of his complaint is that the Government selectively prosecuted him for the impermissible purpose of curtailing his lawful exercise of his Second Amendment rights. Specifically, May contends that the Government intended a "chilling effect on those that operate, buy, and sell guns

at gun shows" and targeted May because he is the "number one exhibitor at the Texas gun show." But aside from May's *ipse dixit*, there is nothing in the record to suggest that the Government targeted May for any reason other than his illegal conduct. May has not carried his heavy burden to establish selective prosecution. *See United States v. Kahl*, 583 F.2d 1351, 1353 (5th Cir. 1978).

The judgment is AFFIRMED.