# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2019

Lyle W. Cayce
Clerk

No. 16-20700
Summary Calendar

UNITED STATES OF AMERICA,

       Plaintiff – Appellee,

v.

HECTOR PARRALES-GUZMAN, also known as Hector Guzman Parrales,
also known as Hector Guzman Perales, also known as Hector Parrales
Guzman, also known as Hector Perales-Guzman, also known as Hector
Parrales,

       Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, ELROD, and HIGGINSON, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

In 2001, an immigration judge (IJ) ordered Hector Parrales-Guzman removed based on his felony conviction for driving while intoxicated (DWI) under Texas law. The IJ determined that Parrales-Guzman was removable because his DWI conviction qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), which included "crime[s] of violence" as defined in 18 U.S.C. § 16. Parrales-Guzman neither requested relief from removal nor appealed the IJ's decision to the Board of Immigration Appeals (BIA). In fact, as reflected

No. 16-20700

on the IJ's removal order, Parrales-Guzman waived his right to appeal the removal order to the BIA. Subsequent to his removal, Parrales-Guzman returned to the United States and was removed twice more in August 2010 and April 2011. In June 2014, when Parrales-Guzman was found yet again in the United States, the government obtained an indictment against him for illegal re-entry after conviction of a felony in violation of 8 U.S.C. § 1326.

Parrales-Guzman moved to dismiss his indictment claiming that his 2001 removal order was invalid. His main thrust was that the definition of "crime of violence" in 18 U.S.C. § 16(b) was unconstitutionally vague. The government opposed the motion to dismiss indictment on two grounds. First, the government argued that 8 U.S.C. § 1326(d) barred Parrales-Guzman's attempt to collaterally attack his 2001 removal order. Second, the government argued that 18 U.S.C. § 16(b) was not unconstitutionally vague. The district court held that under then-controlling Fifth Circuit law, the definition of "crime of violence" in § 16(b) was not unconstitutionally vague and denied Parrales-Guzman's motion to dismiss the indictment. *See United States v. Gonzalez-Longoria*, 831 F.3d 670 (5th Cir. 2016), *abrogated by Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). However, the district court did not rely on the government's § 1326(d) argument. Following a bench trial, the district court found Parrales-Guzman guilty and sentenced him to time served and two years of supervised release. Although we affirmed the district court's denial of the motion to dismiss the indictment, the Supreme Court of the United States granted Parrales-Guzman's petition for writ of certiorari, vacated our judgment, and remanded for further consideration in light of *Dimaya*.

In his supplemental brief, Parrales-Guzman argues that we should remand to the district court so that it can consider his motion to dismiss the indictment once again. The government argues that the district court's

2

No. 16-20700

judgment should be affirmed because § 1326(d) bars Parrales-Guzman's collateral attack on his 2001 removal order. We agree with the government.

We review *de novo* a district court's denial of a motion to dismiss an indictment, including any underlying constitutional claims. *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011). An alien prosecuted for illegal re-entry under 8 U.S.C. § 1326 may collaterally attack the underlying removal order. *United States v. Mendoza-Lopez*, 481 U.S. 828, 838–39 (1987). To prevail, the alien must demonstrate that:

> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; *and*
>
> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d) (emphasis added). If the alien fails to satisfy any one of these prongs, then the court need not consider the other prongs. *United States v. Mendoza-Mata*, 322 F.3d 829, 832 (5th Cir. 2003).

As a threshold matter, Parrales-Guzman fails at the first prong because he did not exhaust the administrative remedies that were available to him. *See* § 1326(d). An alien exhausts administrative remedies by raising an issue "either on direct appeal or in a motion to reopen" before the BIA. *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Id.* at 318–19. Here, the record clearly shows that Parrales-Guzman did not appeal his removal order to the BIA; in fact, he waived his appeal. There is similarly no indication that Parrales-Guzman sought to re-open his case with the IJ or the BIA or sought any other relief from his 2001 removal order. Given Parrales-

3

No. 16-20700

Guzman's failure to exhaust administrative remedies that could have addressed his claims at the time of his removal, § 1326(d) bars his collateral attack now. *Cf. Dimaya*, 138 S. Ct. at 1211 (Dimaya pursued his claims before the BIA and the courts).

Parrales-Guzman's sole argument has been that § 1326(d)'s bar on collateral attacks does not attach because his 2001 removal order was *void ab initio* as it rested on an unconstitutionally vague statute, § 16(b). We reject this argument as it upends Congress's mandate that collateral review in the course of re-entry prosecutions be available only in a narrow set of circumstances. *See* § 1326(d). Such an argument also enlarges the Supreme Court's observation that "[i]t is precisely the unavailability of effective judicial review of the administrative determination" which warrants a collateral attack at a later criminal proceeding. *Mendoza-Lopez*, 481 U.S. at 841. Both administrative remedies and judicial review of the removal order were available to Parrales-Guzman. He chose not to pursue them.

AFFIRMED.[1]

---

[1] Because Parrales-Guzman's collateral attack fails at the first prong of § 1326(d), we do not consider the government's arguments regarding the two remaining prongs. *See Mendoza-Mata*, 322 F.3d at 832.

4