# United States Court of Appeals for the Fifth Circuit

———————

No. 21-51171
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Lazaro Hernandez-Adame,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-3548-1

———————————————————

Before Stewart, Duncan and Wilson, *Circuit Judges*.

Per Curiam:[*]

Lazaro Hernandez-Adame appeals his bench trial convictions for two counts of attempting to illegally reenter the United States following removal. He argues that the district court erred in denying his motion to dismiss the superseding indictment, which collaterally attacked the removal orders

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

underlying the charged offenses under 8 U.S.C. § 1326(d). He also appeals the denial of his motion for appointment of an expert in immigration law.

We review the district court's denial of a motion to dismiss an indictment de novo. *United States v. Parrales-Guzman*, 922 F.3d 706, 707 (5th Cir. 2019). An alien indicted for illegal reentry may collaterally attack the underlying removal order. § 1326(d). Pursuant to § 1326(d), there are "three prerequisites that defendants facing unlawful-reentry charges must satisfy before they can challenge their original removal orders." *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1619 (2021). Those prerequisites are "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *Id.* at 1619-20 (internal quotation marks and citation omitted). A contention that the removal order was legally erroneous does not excuse compliance with the mandatory exhaustion and denial of judicial review requirements. *Id.* at 1622. When an alien fails to satisfy one of the requirements, the court need not consider the others. *Parrales-Guzman*, 922 F.3d at 707.

With respect to Count 1, the district court determined that Hernandez-Adame's challenge to the December 2018 removal order lacked merit because he failed to exhaust his administrative remedies; with respect to Count 2, the district court determined that Hernandez-Adame failed to establish that he had been denied the opportunity for judicial review of the June 2015 removal order. Hernandez-Adame fails to show that either determination is erroneous. *See Palomar-Santiago*, 141 S. Ct. at 1619-22.

We review the district court's denial of a motion for expert services for an abuse of discretion. *United States v. Hardin*, 437 F.3d 463, 468 (5th Cir. 2006). "The burden is on the defendant to justify the authorization of

No. 21-51171

[expert] services under [18 U.S.C.] § 3006A(e)(1), . . . demonstrating with specificity the reasons why such services are required." *United States v. Boyd*, 773 F.3d 637, 642 (5th Cir. 2014) (internal quotation marks, brackets, and citation omitted). Hernandez-Adame fails to demonstrate that the denial of his motion for an immigration law expert was an abuse of discretion. *See United States v. Gentry*, 941 F.3d 767, 784 (5th Cir. 2019).

The judgment of the district court is AFFIRMED. The Government's motion for us to take judicial notice of court records, which is unopposed, is GRANTED. *See Bauer v. Texas*, 341 F.3d 352, 362 n.8 (5th Cir. 2003). Its alternative motion to supplement the record is DENIED.