# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2025

Lyle W. Cayce
Clerk

_____

No. 23-50293

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANDRE EDWARDS SANCHEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:21-CR-213-1

_____

Before ELROD, *Chief Judge*, and HIGGINBOTHAM and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Andre Edwards Sanchez challenges the constitutionality of his conviction for possession of a firearm while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). We AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50293

I

On April 30, 2021, law enforcement officers stopped a vehicle being driven by Sanchez after a license plate search showed it was stolen. While searching Sanchez, they found a gun, suspected Xanax pills, and a usable quantity of marijuana. A blood-draw test confirmed the presence of Tetrahydrocannabinol (THC), a compound found in marijuana, in Sanchez's system. Sanchez had one juvenile adjudication for possession of marijuana in 2017. A grand jury indicted Sanchez for possessing a firearm while being an unlawful user or addict of a controlled substance, in violation of 18 U.S.C. § 922(g)(3).

Sanchez moved to dismiss the indictment, arguing that: (1) § 922(g)(3) violates the Second Amendment facially and as applied to him under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and (2) § 922(g)(3) is unconstitutionally vague on its face and as applied to him.

In its response to the motion, the government provided a factual summary based on investigation reports and meetings with the officers involved in the apprehension of Sanchez. The summary stated, in relevant part, that when officers arrested Sanchez, he had a semi-automatic Glock pistol, Xanax pills, and marijuana, and that he later told officers his blood-draw test "would break the 'weed' scales."[1] It also described social media postings that officers found on Sanchez's social media accounts and those of his associates. For example, Sanchez's profile picture on his social media page showed him smoking what appeared to be a marijuana cigarette. There

_____

[1] Sanchez initially disputed that he was intoxicated at the time of his arrest, but he stipulated at oral argument that he was intoxicated with marijuana at the time he possessed the gun.

were also various videos of Sanchez that appeared to show him smoking a marijuana cigarette. One video appeared to show Sanchez "nodding out" with the caption, "don't do drugs," and another video appeared to show him sleeping on a couch with the caption "I be full of them drugs."

Sanchez moved to strike the government's factual summary, arguing that it included facts that were "demonstrably false and not supported by discovery" and that the information was "irrelevant" to the constitutional issues presented and likely inadmissible at trial. The district court did not address Sanchez's disputed facts or his motion to strike when it denied his motion to dismiss the indictment.

Sanchez then entered a conditional plea of guilty, reserving his right to appeal the denial of his motion to dismiss. The district court sentenced him to time served and three years of supervised release. Sanchez timely appealed.

## II

"We review *de novo* a district court's denial of a motion to dismiss an indictment, including any underlying constitutional claims." *United States v. Peterson*, 127 F.4th 941, 945 (5th Cir. 2025) (quoting *United States v. Parrales-Guzman*, 922 F.3d 706, 707 (5th Cir. 2019)). We can affirm a judgment in a criminal case "on any basis supported by the record." *United States v. Holdman*, 75 F.4th 514, 519 (5th Cir. 2023) (citing *United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006)).

## III

Sanchez argues that § 922(g)(3) violates the Second Amendment facially and as applied to him. Recent precedent forecloses both challenges.

In *United States v. Connelly*, 117 F.4th 269 (5th Cir. 2024), we held that § 922(g)(3) is facially constitutional under the Second Amendment. *Id.* at

No. 23-50293

282. We concluded that "our history and tradition of firearms regulation show that there are indeed some sets of circumstances where § 922(g)(3) would be valid, such as banning presently intoxicated persons from carrying weapons." *Id.* Despite Sanchez's claim to the contrary, these statements are not dicta because they were necessary to the resolution of Connelly's facial challenge.[2] *See United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014) (citation omitted) ("A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law.").

Here, Sanchez concedes he was intoxicated while in possession of a firearm. Because our nation's history and tradition "can support gun regulations disarming the presently intoxicated," *United States v. Daniels*, 124 F.4th 967, 974 (5th Cir. 2025) (citing *Connelly*, 117 F.4th at 282), Sanchez's facial and as-applied challenges to § 922(g)(3) both fail.

IV

Sanchez also argues that § 922(g)(3) is unconstitutionally vague both facially and as applied to him because the statute does not define what it means to be an "unlawful user."

"A criminal statute is unconstitutionally vague if 'it fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" *United States v. De Bruhl*, 118 F.4th

_____

[2] Sanchez contends that *Connelly*'s statements regarding the facial constitutionality of § 922(g)(3) are dicta because the panel could have stopped after holding that § 922(g)(3) was unconstitutional as applied to Connelly. Even though the panel's decision to reverse the district court's dismissal as to Connelly's facial challenge was not necessary to reach its ultimate ruling that § 922(g)(3) was unconstitutional as applied to her, this decision is still binding precedent. *See Kanida v. Gulf Coast Med. Pers. LP*, 363 F.3d 568, 574 (5th Cir. 2004) (citation omitted) (explaining that a panel's decision on a fully presented and litigated issue that was not necessary to support its ultimate decision is still considered binding precedent).

735, 745 (5th Cir. 2024) (alteration in original) (quoting *Johnson v. United States*, 576 U.S. 591, 595 (2015)). When a vagueness challenge does not implicate First Amendment concerns, we evaluate the statute only "in the light of the facts of the case at hand." *United States v. Mazurie*, 419 U.S. 544, 550 (1975). This is because "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian L. Project*, 561 U.S. 1, 18–19 (2010) (quoting *Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 495 (1982)).

Section 922(g)(3) provides, in relevant part, that "[i]t shall be unlawful for any person . . . who is an unlawful user of . . . any controlled substance . . . to . . . possess . . . any firearm." Although "unlawful user" is not defined, we have held that "there must be some regularity of drug use in addition to contemporaneousness to meet the statute's requirements." *United States v. Patterson*, 431 F.3d 832, 839 (5th Cir. 2005). In *United States v. May*, 538 F. App'x 465 (5th Cir. 2013), we held that § 922(g)(3) was not unconstitutionally vague as applied to the defendant because an ordinary person would understand that his admitted "use of marijuana while in possession of firearms established him as an 'unlawful user' in violation of § 922(g)(3)." *Id.* at 465–66 (citing *Patterson*, 431 F.3d at 835–36).[3]

Sanchez, like the defendant in *May*, admits that he was intoxicated with marijuana while possessing a firearm. The facts presented by both parties to the district court show that Sanchez was in possession of and tested positive for marijuana at the time he was found with the gun on April 31, 2021, and that he had one prior juvenile adjudication for possession of marijuana in

---

[3] Although an unpublished opinion issued on or after January 1, 1996, is not controlling precedent, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 23-50293

2017. The undisputed facts before the district court also included Sanchez's statement to the officers that his blood-draw test would "break the 'weed' scales," as well as the government's description of social media posts associated with Sanchez, including his profile picture in which he appeared to be smoking a marijuana cigarette and videos of him with captions indicating his drug intoxication.[4] Taken together, these facts support a reasonable inference that Sanchez's drug use was regular and occurred in sufficient temporal proximity to his possession of a firearm. *See Patterson*, 431 F.3d at 836. An ordinary person would understand that Sanchez's actions fall squarely within § 922(g)(3)'s proscriptions. Because § 922(g)(3) provides fair notice that possessing a gun while intoxicated from using marijuana was prohibited conduct, the statute is not unconstitutionally vague as applied to Sanchez.

\*    \*    \*

The district court's judgment of conviction is AFFIRMED.

---

[4] While Sanchez disputed that these social media posts were sufficient to establish prior unlawful drug use, he did not dispute that he was the person in the profile picture and the videos, nor the government's description of them. He also did not dispute making the comment about breaking the "weed scales."