# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2025

Lyle W. Cayce
Clerk

No. 24-50418

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANDIS NOE CORTEZ-ZEPEDA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-190-1

Before DENNIS, HAYNES, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Andis Noe Cortez-Zepeda challenges his conviction for illegally reentering the United States following deportation. Because he fails to establish that his previous removal was improper, we AFFIRM.

## I.

Cortez-Zepeda is a Honduran citizen who has illegally entered the United States multiple times. In 2007, while illegally present, he was charged

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

with two counts of sexual assault under Texas law. The first count alleged that he penetrated the victim's mouth with his penis, without her consent, and by the use or threatened use of physical force or violence. The second count alleged that he inserted his penis into the victim's sexual organ, without her consent, and by the use or threatened use of physical force or violence. He pleaded guilty to the first count and was sentenced to five years' imprisonment in 2010.

While Cortez-Zepeda was in prison, a Department of Homeland Security officer served him with a Notice of Intent to Issue a Final Administrative Removal Order ("Notice"). The Notice charged him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii), without a hearing before an immigration judge, because he was convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(A). It also advised that he had the right to, *inter alia*, rebut this charge, seek legal representation, and "remain in the United States for 14 calendar days" to "file a petition for review of this order to the appropriate U.S. Circuit Court of Appeals as provided for in section 242 of the Act, 8 U.S.C. 1252." *See* 8 U.S.C. § 1252(a)(2)(D) ("Nothing . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims *or questions of law* raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." (emphasis added)).

The Notice was accompanied by a form ("waiver" or "form") that provided two options: (1) "I Wish to Contest and/or to Request Withholding of Removal"; or (2) "I Do Not Wish to Contest and/or to Request Withholding of Removal." Cortez-Zepeda checked the box next to the latter option and also checked a subsequent box that provided: "I admit the allegations and charge in this Notice of Intent. I admit that I am deportable and acknowledge that I am not eligible for any form of relief from removal. I waive my right to rebut and contest the above charges. I do not wish to

2

request withholding or deferral of removal." He wrote "HONDURAS" as the country that he "wish[ed] to be removed to." He also checked a box that provided: "I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right." He signed the form and dated it July 27, 2015.[1] Cortez-Zepeda was deported to Honduras on August 17, 2015.

Within a few months of being deported, Cortez-Zepeda unlawfully reentered the United States. His return came to light in 2023 when he was arrested in Martin County, Texas after he assaulted his girlfriend, attempted to light her car on fire, and threatened to burn her house down. A federal grand jury then indicted him for one count of Illegal Reentry Following Deportation in violation of 8 U.S.C. §§ 1326(a), (b)(1)–(2).

In a motion to dismiss that indictment, Cortez-Zepeda argued that the July 2015 Notice "falsely informed him that he was subject to an expedited removal because he had committed the aggravated felony of Texas sexual assault." He contended that "Texas sexual assault was not then and is not now an aggravated felony"; that the form "indicat[ed] that he could only challenge the fact of the conviction, not its classification as an aggravated felony"; and that he did not receive the information in a language that he understood. His motion also stated that he "ha[d] no independent recollection of being served with and signing [the] form," "d[id] not recognize the writing on the form as his own," and that "[h]ad the immigration official explained that [he] could challenge his expedited removal, he would have made the challenge." The district court denied

---

[1] Cortez-Zepeda does not concede that he filled out and signed the waiver. But as discussed herein, he bears the burden of proving that the waiver was not valid. *See* discussion *infra* Section II.C.1. Because he has produced no evidence indicating that he did not fill out and sign this waiver, we presume that he did.

Cortez-Zepeda's motion to dismiss, convicted him after a stipulated bench trial, and sentenced him to 27 months' imprisonment. Cortez-Zepeda appeals the district court's denial of his motion to dismiss.

## II.

## A.

We review a district court's denial of a motion to dismiss an indictment *de novo*. *United States v. Hernandez Velasquez*, 120 F.4th 1294, 1296 (5th Cir. 2024).

## B.

An alien indicted under 8 U.S.C. § 1326 for illegal reentry into the United States following deportation may seek dismissal of the indictment by collaterally attacking the underlying deportation. *United States v. Parrales-Guzman*, 922 F.3d 706, 707 (5th Cir. 2019). When the government produces a written and signed stipulation to removal and waiver of rights, the defendant must prove that the stipulation and waiver was invalid under 8 U.S.C. § 1326(d). *Hernandez Velasquez*, 120 F.4th at 1298. Specifically, the defendant must demonstrate that: (1) he "exhausted any administrative remedies that may have been available to seek relief against the order"; (2) "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review"; and (3) "the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d). The entry of a deportation order was "fundamentally unfair" if the defendant (1) did not receive procedural due process and (2) suffered prejudice. *Hernandez Velasquez*, 120 F.4th at 1297. A defendant must meet § 1326(d)'s requirements even if "his prior removal order was premised on a conviction that was later found not to be a removable offense." *United States v. Palomar-Santiago*, 593 U.S. 321, 323 (2021).

No. 24-50418

## C.

### 1.

As a preliminary matter, Cortez-Zepeda contends that he "ha[s] no recollection of being served with or signing the form," does not "recognize the writing on the form as his own," and "would have contested the deportation had he been advised that there were viable grounds available to him." He further argues—in contradiction to the DHS officer's certification that he explained and/or served the Notice in Spanish—that as "a Spanish speaker, who does not speak English," he did not receive the instructions "in a language he understood."[2]

Cortez-Zepeda has produced no evidence at the district court or on appeal to support these assertions, which contradict the waiver that the government produced. Doing so was his burden.[3] *See Hernandez Velasquez*, 120 F.4th at 1297. We therefore presume that he filled out and signed the waiver, and that the DHS officer explained and served the Notice and waiver in a language that Cortez-Zepeda understood.[4]

---

[2] We note that Cortez-Zepeda's arguments that (1) he was unaware that the Notice and waiver advised that he could challenge the aggravated felony classification; and (2) he did not receive the instructions in a language that he understood, conflict with his assertion that he has no recollection of being served with the Notice or signing the waiver.

[3] The dissent's primary issue with our opinion is that we enforce this burden as required by our existing caselaw. While other circuits may apply a different burden, we are bound by the precedent of this circuit.

[4] In *Hernandez Velasquez*, we declined to decide whether a defendant is excused from establishing the administrative exhaustion and judicial review conditions of § 1326(d) if his waiver and stipulation was not knowing, voluntary, and intelligent. 120 F.4th at 1297. Because Cortez-Zepeda has not established that his waiver was not knowing, voluntary, and intelligent, we likewise need not resolve this question.

2.

According to Cortez-Zepeda, DHS improperly classified his sexual assault conviction as an aggravated felony, and because the form only invited him to contest the charge for four enumerated factual reasons, he did not know that he could contest the aggravated felony classification and was therefore deprived of judicial review as required by § 1326(d).

First, § 1326(d)(2)'s deprivation of judicial review requirement is "not satisfied just because a noncitizen was removed for an offense that did not in fact render him removable." *Palomar-Santiago*, 593 U.S. at 327. "Indeed, the substantive validity of the removal order is quite distinct from whether the noncitizen . . . was deprived of the opportunity for judicial review (by filing a petition for review of a BIA decision with a Federal Court of Appeals)." *Id.* Whether DHS improperly classified Cortez-Zepeda's sexual assault conviction as an aggravated felony is immaterial to whether he was deprived of judicial review.

Second, under the check box labeled "I Wish to Contest and/or to Request Withholding of Removal," the form provided: "I contest my deportability because: *(Attach any supporting documentation)*" with four options: (1) "I am a citizen or national of the United States"; (2) "I am a lawful permanent resident of the United States"; (3) "I was not convicted of the criminal offense described in allegation number 6 above"; and (4) "I am attaching documents in support of my rebuttal and request for further review." Cortez-Zepeda's argument that these options did not allow his legal challenge ignores that the Notice informed him of a different avenue to challenge the deportation: his right to seek judicial review, in the appropriate United States Court of Appeals, "as provided for in section 242 of the Act, 8 U.S.C. 1252." Cortez-Zepeda expressly declined the opportunity to seek such judicial review.

No. 24-50418

Even if Cortez-Zepeda did not have actual knowledge that "section 242 of the Act, 8 U.S.C. 1252" authorizes judicial review of questions of law, he was not deprived of judicial review. Nothing in the Notice or waiver implied that Cortez-Zepeda could only challenge the factual—as opposed to legal—basis for his removal. To the contrary, the waiver addressed Cortez-Zepeda's right to contest the legal basis.

In executing the waiver, Cortez-Zepeda "admit[ed] the allegations *and charge* in th[e] Notice of Intent" and "waive[d] [his] right to rebut and contest the above *charges*"—the charge being the legal conclusion that he was "deportable . . . because [he] [had] been convicted of an aggravated felony." The Notice makes clear that "charge" refers not to the factual "allegations," but rather to the legal conclusion that Cortez-Zepeda was deportable because he committed an aggravated felony:

Pursuant to section 238(b) of the Immigration and Nationality Act (Act) as amended, 8 U.S.C. 1228(b), the Department of Homeland Security (Department) has determined that you are amenable to administrative removal proceedings. The determination is based on the following allegations:

1. You are not a citizen or national of the United States.
2. You are a native of HONDURAS                          and a citizen of HONDURAS
3. You entered the United States (at)(near) unknown place                on or about Unknown Date
4. At that time you entered without inspection or parole by an Immigration Officer
5. You are not lawfully admitted for permanent residence.
6. You were, on August 2, 2010                , convicted in the 297th District                          Court
   of Tarrant County, Texas              for the offense of Sexual Assault
   in violation of the Texas Penal Code
   for which the term of imprisonment imposed was five (5) years                          .

Charge:
You are deportable under section 237(a)(2)(A)(iii) of the Act, 8 U.S.C. 1227(a)(2)(A)(iii), as amended, because you have been convicted of an aggravated felony as defined in section 101(a)(43)( A  ) of the Act, 8 U.S.C. 1101(a)(43)( A  ).

Based upon section 238(b) of the Act, 8 U.S.C. 1228(b), the Department is serving upon you this NOTICE OF INTENT TO ISSUE A FINAL ADMINISTRATIVE REMOVAL ORDER ("Notice of Intent") without a hearing before an Immigration Judge.

Cortez-Zepeda therefore expressly admitted, and waived his right to rebut and contest, the legal conclusion that he was deportable because he had committed an aggravated felony:

7

No. 24-50418

Cortez-Zepeda had the opportunity to contest that his prior conviction was an aggravated felony. He instead admitted the allegations and waived his right to judicial review of the legal conclusion that he was deportable. He has produced no evidence that the waiver was not knowing, voluntary, and intelligent. His decision to waive judicial review does not constitute a deprivation of judicial review under § 1326(d). And without a deprivation of judicial review, Cortez-Zepeda cannot establish that his prior removal was improper. The district court is AFFIRMED.

No. 24-50418

JAMES L. DENNIS, *Circuit Judge*, dissenting:

While the majority opinion spares no detail when describing Cortez-Zepeda's crime, it summarily concludes that Cortez-Zepeda waived his right to judicial review by signing an—at best—misleading form without engaging with key facts and relevant caselaw. I respectfully dissent.

\*    \*    \*

Before delving into my disagreement with the majority opinion's analysis, I begin by setting out several important facts the opinion largely overlooks. First, in 2010, Cortez-Zepeda pleaded guilty to Texas Penal Code § 22.011, the generic crime of sexual assault. Second, although the Department of Homeland Security officer issued the Notice of Intent to Issue a Final Administrative Removal Order on the belief that Cortez-Zepeda's 2010 conviction under § 22.011 qualified as an aggravated felony, this court's binding precedent at the time made clear that it categorically did not. *See Rodriguez v. Holder*, 705 F.3d 207, 209 (5th Cir. 2013). Third, Cortez-Zepeda signed the accompanying waiver form—written in English, a language he does not speak—in less than a minute and without counsel present.

With those facts in mind, I move on to my primary issue with the majority opinion: its conclusion that Cortez-Zepeda cannot collaterally attack his underlying conviction under 8 U.S.C. § 1326(d) because he validly waived his right of judicial review.[1] *Ante*, at 6–8.

---

[1] As the majority correctly notes, when the Government submits a signed stipulation to removal and waiver of rights, the defendant must show the waiver was invalid under § 1326(d). *United States v. Palomar-Santiago*, 593 U.S. 321, 324–25 (2021) (citing § 1326(d)). That requires proof of exhaustion, deprivation of judicial review, and fundamental unfairness. The majority addresses only the second prong, so I focus there. In any event, the prongs overlap: if a misleading waiver deprived Cortez-Zepeda of judicial review, the process was likely also unfair. And exhaustion is not meaningfully disputed.

No. 24-50418

Our court has noted that a valid waiver is "knowing, voluntary, and intelligent." *United States v. Hernandez Velasquez*, 120 F.4th 1294, 1300 (5th Cir. 2024). As the majority correctly notes, the burden to prove that the waiver is invalid rests on the defendant. *Ante*, at 5.

Cortez-Zepeda, in fact, did not waive his right to judicial review of the classification of his felony as an aggravated felony under this standard. *Hernandez Velasquez*, 120 F.4th at 1300. The form he was presented with was wrong—the generic crime of sexual assault in Texas is not an aggravated felony. *See Rodriguez*, 705 F.3d at 209. And contrary to the majority opinion's conclusion, a common sense reading of the form did not provide Cortez-Zepeda with notice he could challenge that conclusion.

Two parts of the form are relevant to the analysis here: (1) the first page of the form's general warning that "you may file a petition for review of this order to the appropriate U.S. Circuit Court of Appeals as provided for in section 242 of the Act, 8 U.S.C. 1252;" and (2) the second page's more specific list of reasons by which Cortez-Zepeda could contest his deportability.

☐ **I Wish to Contest and/or to Request Withholding of Removal**

☐ I contest my deportability because: *(Attach any supporting documentation)*

- ☐ I am a citizen or national of the United States.
- ☐ I am a lawful permanent resident of the United States.
- ☐ I was not convicted of the criminal offense described in allegation number 6 above.
- ☐ I am attaching documents in support of my rebuttal and request for further review.

☐ I request withholding or deferral of removal to _____[Name of Country or Countries]:

- ☐ Under section 241(b)(3) of the Act, 8 U.S.C. 1231(b)(3), because I fear persecution on account of my race, religion, nationality, membership in a particular social group, or political opinion in that country or those countries.
- ☐ Under the Convention Against Torture, because I fear torture in that country or those countries.

No. 24-50418

Logically, the form's delineated reasons for filing an appeal should explain how a defendant, especially one not proficient in English, can pursue the appeal described on the first page of the form. Yet none of those listed options apply to Cortez-Zepeda. Although he was convicted of the "criminal offense described in allegation number 6 above," nowhere does the form indicate that he could challenge the classification of that crime as an aggravated felony.

Nevertheless, the majority opinion concludes that because Cortez-Zepeda admitted the "charge" of an aggravated felony, *ante*, at 6–7, he gave up any opportunity to challenge that erroneous finding. The majority does not cite any caselaw for this holding. And the one circuit court that has addressed this issue found just the opposite: when "the only check box relevant to the conviction itself only allowed [the defendant] to contest that he 'was not convicted of the criminal offense described,'" the defendant's "waiver of the right to seek judicial review" was invalid. *United States v. Valdivia-Flores*, 876 F.3d 1201, 1206 (9th Cir. 2017). So too here.

Admittedly, the Ninth Circuit places the burden on the government to prove the waiver was *valid*, *see id.*, while the Fifth Circuit places it on the defendant to prove the waiver was *invalid*, *see Hernandez-Velasquez*, 120 F.4th at 1298. But even placing the burden on Cortez-Zepeda, he has carried it. Just as in *Valdivia-Flores*, "[t]he form's deficiencies are magnified because [the defendant] was not represented and never had the benefit of appearing before an immigration judge, who, we presume, would have adequately conveyed both his appeal options and the finality associated with waiving appeal." 876 F.4d at 1206 (quotation modified and citation omitted). When a defendant "waives" his right to judicial review by signing a form in a foreign language in under a minute, without a hearing or counsel, that wrongfully classifies his crime as an aggravated felony—the basis for his removal—that waiver is not "knowing, voluntary, or intelligent." *See Hernandez-Velasquez*,

No. 24-50418

120 F.4th at 1300. Under these circumstances, Cortez-Zepeda has shown that any "waiver" of his right to judicial review was invalid.

I respectfully dissent.